UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAYMOND CELLA                                   CIVIL ACTION


VERSUS                                          NO: 10-2744


ALLSTATE PROPERTY & CASUALTY                    SECTION: R
INSURANCE COMPANY, ADRIAN LEYVA,
AMERICAN FAMILY MUTUAL INSURANCE
COMPANY AND ROBIN ARMFIELD, JR.


**ORDER AND REASONS**

In this tort action, plaintiff seeks remand on the grounds
that this Court lacks subject matter jurisdiction.  The Court
finds that the removing defendants have failed to establish that
an enforceable settlement agreement exists between Cella, Leyva
and Allstate.  Because Leyva still is a party to this litigation,
there is not complete diversity of citizenship, and this Court
lacks subject matter jurisdiction.  Therefore, the Court GRANTS
the motion to remand.


**I.    BACKGROUND**

On October 5, 2009, plaintiff Raymond Cella, a Louisiana
domiciliary, was driving northbound on US Highway 61, when
defendant Adrian Leyva, a Louisiana domiciliary, allegedly struck
the rear of Cella's vehicle.[1]  Cella alleges that defendant Robin

---

[1]   R. Doc. 8-3, Ex. A at 1, 3.

Armfield, Jr., an Iowa domiciliary, then swerved around Leyva's vehicle, but struck Cella's vehicle.[2]  Leyva is insured by defendant American Family Insurance Company, a non-Louisiana domiciliary.[3]  Armfield is insured by defendant Allstate Property & Casualty Insurance Company, a non-Louisiana domiciliary.[4] Cella allges that "[t]he defendants, ALLSTATE, LEYVA, AMERICAN and ARMFIELD are jointly, severally and solidarily indebted unto your Petitioner."[5]

In a June 25, 2010 letter, Allstate told Cella's attorney that it was "pleased that we have been able to settle this claim in an amicable manner" and enclosed a release agreement "for your client's signature" as to the claim against Leyva.[6]  Allstate also attached a check for $10,000 in "[f]ull and final settlement of any and all claims for bodily injury arising from loss of 10/5/2009."[7]  Cella's attorney responded on June 29, 2010, stating that "my client does not wish to settle with Allstate at this time."[8]

---

[2]  *Id.* at 3.

[3]  *Id.* at 1.

[4]  *Id.*

[5]  *Id.* at 3.

[6]  R. Doc. 10-2, Ex. B.

[7]  *Id.*

[8]  R. Doc. 8-4, Ex. B.

On August 13, 2010, defendants American and Armfield removed the action to this Court asserting jurisdiction based on diversity of citizenship.[9]  Cella responded by filing this motion to remand on August 24, 2010, asserting that this Court lacks subject matter jurisdiction over the dispute because complete diversity of citizenship does not exist.

## II.  LEGAL STANDARD

A defendant may generally remove a state court civil action to federal court if the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).  "The removing party bears the burden of establishing that federal jurisdiction exists."  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citation omitted).  To assess whether jurisdiction is appropriate, the Court considers "the claims in the state court petition as they existed at the time of removal."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  *Id.* (citation omitted)  Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction,

---

[9]  R. Doc. 1.

the court's jurisdiction is fixed as of the time of removal.   28
U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th
Cir. 1996).


**III. DISCUSSION**

Defendants American and Armfield assert federal jurisdiction
based on diversity of citizenship.   28 U.S.C. § 1332.   Diversity
jurisdiction exists only when the parties are citizens of
different states, and the amount in controversy exceeds $75,000.
*White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).
"Complete diversity 'requires that all persons on one side of the
controversy be citizens of different states than all persons on
the other side.'"   *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d
1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power
Co.*, 376 F.3d 344, 353 (5th Cir. 2004)).

A case that is not originally removable under "diversity
jurisdiction because of the presence of a nondiverse defendant
may be removed only after it is clear under applicable state law
that the nondiverse defendant has been taken out of the case,
leaving a controversy wholly between the plaintiff and the
diverse defendant."   *Vasquez v. Alto Bonito Gravel Plant Corp.*,
56 F.3d 689, 694 (5th Cir. 1995).   Federal courts must look to
state law to determine whether the nondiverse defendant is no
longer effectively a party to the case.   *Estate of Martineau v.*

*ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000) (analyzing whether a settlement agreement was enforceable under Texas law). "A case may be removed based on any voluntary act of the plaintiff that eliminates that nondiverse defendant from the case." *Id.*

The parties dispute whether Cella, Leyva and Allstate have reached a settlement, effectively removing Leyva from the case and resulting in complete diversity of citizenship between the remaining parties for purposes of removal.  To determine whether a binding settlement agreement existed between Cella, Leyva and Allstate on August 3, 2010, the date of removal, the Court must examine the alleged settlement agreement under Louisiana law. *See id.* (stating that "[f]ederal courts must look to state law to determine whether removal is proper on the ground that the nondiverse defendant is no longer effectively a party to the case" based on "whether there was a binding settlement agreement between [the parties as of] the date of removal").

Under Louisiana law, for a compromise to be enforceable, it "shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings."  La. Civ. Code Ann. art. 3072.  The Louisiana Supreme Court "has held several times that although Article 3071 does not expressly require a signed writing, there is an implied requirement for signatures of both parties."  *Lavan*

*v. Nowell*, 98-0284, p.2 (La. 4/24/98); 708 So. 2d 1052, 1052 n.3

(citing *Sullivan v. Sullivan*, 95-2122 (La. 4/8/96); 671 So. 2d

315).

Defendants American and Armfield allege that Cella, Leyva

and Allstate reached a settlement in this case.  As evidence of

the alleged settlement, defendants point to the June 25, 2010

letter from Allstate to Cella's attorney, in which Allstate

states:

> I am pleased that we have been able to settle this claim in
> an amicable manner.  You will find enclosed the release
> agreement for your client's signature.[10]

Allstate also points to the check it sent Cella's attorney in

"[f]ull and final settlement of any and all claims for bodily

injury arising from loss of 10/5/2009."[11]

Defendants' evidence fails to establish an enforceable

settlement agreement under Louisiana law because there is no

agreement in writing, signed by the parties or recited in open

court and susceptible of being transcribed from the record of the

proceedings.  Louisiana courts have consistently held that the

sending of a release and settlement check alone does not create

an enforceable settlement agreement.  In *Singleton v. Bunge*

*Corp.*, for example, where the defendant presented plaintiff's

counsel with a check, receipt and release and motion to dismiss,

---

[10]   R. Doc. 10-2, Ex. B.

[11]   *Id.*

the court found that these documents "did not alone complete the contract of compromise, since plaintiffs refused to sign these documents."  364 So. 2d 1321, 1324-25 (La. Ct. App. 1978); *see also Tran v. Allstate Ins. Co.*, 2001-0675, p. 3, 5 (La. App. 4 Cir. 12/27/01); 806 So.2d 103, 104-06 (holding that an enforceable settlement agreement did not exist when defense counsel sent plaintiff's counsel receipts, releases, a joint motion and order to dismiss and a check but plaintiff did not sign any of the documents); *Huey v. State Farm Mutual Auto. Ins. Co.*, 35,107 (La. App. 2 Cir. 9/26/01); 796 So. 2d 724, 724-25 (holding that an enforceable compromise agreement did not exist when State Farm mailed a settlement check and a dismissal and release to plaintiff's counsel but plaintiff refused to cash the check or sign the settlement documents).

Accordingly, the removing defendants have failed to meet their burden in proving the existence of an enforceable settlement agreement between Cella, Leyva and Allstate.  Because plaintiff Cella and defendant Leyva are both Louisiana citizens, there is not complete diversity of citizenship between the parties, and this Court lacks jurisdiction over the matter. Under 28 U.S.C. § 1447(c), this matter must be remanded.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Cella's

motion to remand.

New Orleans, Louisiana, this 13th day of October, 2010.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE